### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DOVER SHORES SHELL, INC.,**

       **Plaintiff,**

**v.**                                                        **Case No: 6:22-cv-167-PGB-DCI**

**SCOTTSDALE INSURANCE
COMPANY,**

       **Defendant.**

_____

### ORDER

    This cause comes before the Court for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Motion to Extend Deadlines for Discovery and Dispositive Motions (Doc. 31)** |
| **FILED:** | **February 5, 2023** |
| **MOTION:** | **Defendant's Motion to Strike Plaintiff's Expert Witness Disclosures and/or Motion for Rule 37 Sanctions (Doc. 33)** |
| **FILED:** | **February 6, 2023** |

**THEREON** it is **ORDERED** that Plaintiff's Motion (Doc. 31) is **DENIED** and Defendant's Motion (Doc. 33) is **GRANTED in part**.

### I.      Background

    This is a diversity action for breach of contract.  Doc. 1.  On February 11, 2022, the Court entered a Case Management and Scheduling Order (CMSO) setting the following relevant deadlines: (1) Discovery—March 1, 2023; (2) Dispositive Motions—April 3, 2023; (3) Disclosure

of Plaintiff's Expert Reports—January 3, 2023; and (4) Disclosure of Defendant's Expert Reports—February 1, 2023.  Doc. 9.

Before the Court is Plaintiff's Motion to Extend Deadlines for Discovery and Dispositive Motions (Doc. 31) (Motion to Extend Time) and Defendant's Motion to Strike Plaintiff's Expert Witness Disclosures and Motion for Sanctions (Doc. 33) (Motion to Strike).  The parties have filed their respective Responses to the Motions (Docs. 32, 34) and Defendant has filed a Reply to the Response to the Motion to Strike (Doc. 38).   The Motions are ripe for review.

## II.    Defendant's Motion to Strike

The Court will first address the Defendant's Motion to Strike because the ruling impacts Plaintiff's Motion to Extend Time.  Pursuant to Federal Rules of Civil Procedure 26 and 37, Defendant moves to strike "Plaintiff's disclosure of its proposed expert witnesses and seeks an Order precluding Plaintiff from calling Mark Buggica and Freddy M Andrade, P.E. as its experts at trial."  Doc. 33 at 1.

The Court will first examine whether Plaintiff's disclosures are sufficient under Rule 26 before deciding if sanctions are appropriate pursuant to Rule 37 due to any insufficiency.  Rule 26(a) and (e) "require parties to disclose all bases of their experts' opinions and to supplement timely their expert disclosures upon discovery of an omission or as required by court order." *Mitchell v. Ford Motor Co*., 318 F. App'x 821, 824 (11th Cir. 2009).

Rule 26(a)(2) provides that a party must disclose the identity of expert witnesses.  The disclosure must include a written report "prepared and signed" by the expert witness if the witness is retained to provide expert testimony.  Fed. R. Civ. P. 26(a)(2)(B).  The report must include: (1) a complete statement of the expert's opinions and the basis therefore; (2) facts or data considered by the expert in forming his or her opinions; (3) exhibits that will be used to support or summarize

the expert's opinions; (4) the expert's qualifications, including publications; (5) a list of cases in which the expert has testified within the last four years; and (6) a statement of the compensation the expert will receive for his or her work on the case.  Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).  Further, a party shall disclose its experts in accordance with the Court's directives.  Fed. R. Civ. P. 26(a)(2)(D).

On February 4, 2023, Plaintiff served its "Rule 26(a)(2) Expert Witness disclosures" and identified Mark Buggica (Buggica) and Freddy M. Andrade, P.A. (Andrade) as expert witnesses. *Id*. at 2, citing to Doc. 31-1.  (Original Disclosure). In the Motion to Strike, Defendant contends that no documents or reports are attached to the Original Disclosure other than the witnesses' curricula vitae.  *Id*.  Additionally, Defendant states that the disclosure does not include any signed reports or summary of the opinions as Rule 26(a)(2)(B) requires and does not identify any details, facts, or opinions relating to the experts.  *Id*. at 3.  Defendant states that the disclosure also fails to set forth what the proposed experts have done regarding their investigations, including what documents have been reviewed and the date and time of any property inspections.  *Id*. Accordingly, Defendant argues that the disclosures are substantively inadequate under Rule 26(a)(2)(B) and are due to be stricken.

Defendant also argues that striking the experts is appropriate because the Original Disclosure is untimely.  *Id*. at 2.  While the Court set January 3, 2023, as the deadline for Plaintiff's expert report disclosure, it was not until February 4, 2023, that Plaintiff served the Original Disclosure.  *Id*.  As such, Defendant argues that Plaintiff did not comply with the CMSO.  *Id*.

In the Response, Plaintiff does not seem to dispute that the Original Disclosure is substantively insufficient under Rule 26 and admits that it failed to calendar the deadline. Specifically, Plaintiff states that upon learning that it missed the Court's deadline due to its

calendaring mistake, it served the Original Disclosure providing Defendant with a summary of the areas upon which the experts were expected to testify and advised Defendant that the reports would be forthcoming.  Doc. 34 at 1-2.  Plaintiff explains further that on February 14, 2023, Plaintiff served Defendant with Amended Expert Witness Disclosures "providing Defendant with the report and estimate for each of [Plaintiff's] expert witnesses." *Id*. at 2. (Amended Disclosure).[1]

Upon due consideration, the Court finds that the Original and Amended Disclosures are insufficient under Rule 26.  First, both disclosures are deficient because they are untimely.   Under Rule 26(a)(2)(D), a party must make the disclosures "at the times and in the sequence that the court orders," and Plaintiff concedes that the disclosures were late.  Doc. 34 at 4.  Second, the Court agrees with Defendant that both the Original and Amended Disclosures are substantively inadequate under Rule 26.  As to Plaintiff's Original Disclosure, Plaintiff's summary and promise of "forthcoming" reports does not satisfy Rule 26.  Plaintiff does not apparently dispute this.

As to the Amended Disclosure (which Plaintiff did not disclose until after Defendant filed the Motion to Strike), Defendant argues (in its Reply) that it too is substantively insufficient.  Doc. 38 at 1.  Indeed, the Amended Disclosure as to Buggica is inadequate under Rule 26(a)(2) because there is no prepared report to support the estimate.  *Id*. at 2, citing to 38-1.  While the Amended Disclosure as to Andrade includes a report, Defendant claims, and the Court agrees, that the report fails to include a "testimony list" pursuant to Rule 26(a)(2)(B).[2]  As such, the Amended Disclosure

---

[1] Plaintiff states that because the disclosure was late due to a calendaring mistake, additional discovery is necessary as explained *infra* in Plaintiff's Motion to Extend Time.  *Id*. at 2.

[2] Defendant also asserts that Andrade's report is deficient because it includes vague assertions regarding the basis for the opinion with respect to damages.  *Id*.  "An expert report 'must not be sketchy, vague or preliminary in nature.'"  *Whetstone Candy Co. v. Nestle USA, Inc.*, 2003 WL 25686830, at *1 (M.D. Fla. June 2, 2003) (quoting *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 741 n.6 (7th Cir. 1998)).  Defendant's argument without citation to authority on this point does not necessarily persuade the Court that the report is not compliant with Rule 26.

is inadequate. Regardless, even if the combination of the Original and Amended Disclosures somehow satisfied the written report requirement of Rule 26(a)(2)(B), the disclosures are still insufficient as untimely.

But that does not end the analysis. The appropriate sanction for Plaintiff's failure to comply with Rule 26(a) is governed by Federal Rule of Civil Procedure 37(c):

> (c) **Failure to Disclose, to Supplement an Earlier Response, or to Admit.**
> (1) ***Failure to Disclose or Supplement***. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

Fed. R. Civ. P. 37(c).

Here, Defendants request the sanction embedded within Rule 37(c)(1), *i.e.*, that the Court strike Plaintiff's "attempted disclosure" and preclude the experts at issue—Buggica and Andrade—as witnesses at trial. Doc. 33. The Court has broad discretion in deciding whether a failure to disclose evidence is substantially justified or harmless under Rule 37(c)(1). *Ellingsen v. Hartford Ins. Co. of the Midwest*, 2016 WL 1367223, at *2 (M.D. Fla. April 6, 2016) (citing *United States ex. rel. Bane v. Breathe Easy Pulmonary Servs., Inc.*, 2009 WL 92826, at *3 (M.D. Fla. 2009)). The expert disclosure requirement in Rule 26(a)(2)(B) "is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *OFC Fitel LLC v. Epstein, Becker and Green PC*, 549 F.3d 1344, 1363 (11th Cir. 2008) (quoting *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008)). "Because the expert witness discovery rules are designed to allow both sides in a case to prepare

their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." *Reese*, 527 F.3d at 1266.

"The burden of establishing that a failure to disclose was substantially justified or harmless rests on the non-disclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (citation omitted). "[C]ourts in this District weigh the following five factors to determine whether a failure to disclose evidence is substantially justified or harmless: '(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence.'" *SFR Servs. LLC v. Elec. Ins. Co.,* 2021 WL 1193284, at *5 (M.D. Fla. Mar. 30, 2021) (quoting *Bendik v. USAA Cas. Ins. Co.*, 2019 WL 9466018, at *2 (M.D. Fla. Oct. 25, 2019) (collecting cases)).

A couple of factors weigh in favor of Plaintiff and against striking the witnesses. Namely, it does not appear to be in dispute that Buggica and Andrade are important to Plaintiff's case (*See* Docs. 33, 34, 38) and Plaintiff is correct that Courts have deemed harmless an honest mistake in failing to disclose in certain circumstances. Even so, the authority on this issue suggests that an honest mistake without more is not necessarily harmless—the honest mistake must generally be coupled with sufficient knowledge on the part of the other party. As one court explained:

> The Advisory Committee notes to the 1993 amendments to [Rule 37] state that the harmlessness provision is intended "to avoid unduly harsh penalties in a variety of situations." Illustrative examples are late disclosures of a potential witness known to all parties, a trial witness already listed by the adverse party, or a witness on behalf of a pro se litigant ignorant of the requirement. These suggest a fairly limited concept of "harmless."

*Houston Specialty Ins. Co. v. Vaughn*, 2017 WL 11415012, at *8 (M.D. Fla. July 12, 2017), *report and recommended adopted by* 2017 WL 11415009 (M.D. Fla. Aug. 23, 2017) (quoting *Gagnon v.*

*Teledyne Princeton, Inc.*, 437 F.3d 188, 197 (1st Cir. 2006); (*Burney v. Rheem Mfg. Co.*, 196 F.R.D. 659, 692 (M.D. Ala. 2000) ("This commentary strongly suggests that 'harmless involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party.'") (citations omitted); *see also Lanzi v. Yamaha Motor Corp.*, 2019 WL 9553066, at *9 (M.D. Fla. Sept. 26, 2019) ("Other courts have noted that a party's misconduct is harmless when it involves an honest mistake, coupled with sufficient knowledge by the other party of the material that has not been produced") (quoting *Brown v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 1176180, at *1 (N.D. Fla. Mar. 9, 2015)).

While Plaintiff inadvertently missed the date, the Court is not satisfied that Defendant had sufficient knowledge of the undisclosed material.  Plaintiff states that it provided Defendant with the experts' curricula vitae and summary of the topics on which the experts were expected to testify.  Plaintiff, therefore, asserts that "Defendant had some knowledge of the relevant information." Doc. 34 at 7.  Plaintiff's position, however, ignores the fact that Plaintiff only shared that information *after* Plaintiff's deadline had already passed.  The Court is not convinced that such an after-the-fact disclosure imparted "sufficient" knowledge on Defendant to excuse Plaintiff's mistake.  Indeed, the Amended Disclosures make clear that Andrade did not even inspect the property at issue until February 7, 2023, and that Buggica prepared his estimate on February 9, 2023—both of those dates are after the deadlines for Plaintiff's *and* Defendant's expert witness disclosures.  Docs. 38-1 at 4, 77.  And, again, Plaintiff did not serve the Amended Disclosure until after Defendant filed the Motion to Strike.  In any event, even if Plaintiff was mistaken about the deadline, there is nothing before the Court to reflect that "sufficient knowledge" on behalf of Defendant existed.  *See Wright v. Hyundai Motor Mfg. Ala., LLC*, 2010 WL 4739486, at *4 (M.D. Ala. Nov. 16, 2010) (granting a motion to strike declarations when the plaintiff did

not show either an honest mistake or knowledge on the part of the defendant that the individuals were potential witnesses); *Gottstein v. Flying J, Inc.*, 2001 WL 36102290, at *4 (N.D. Ala. Sept. 26, 2001) (granting the motion to strike finding that "there is absolutely no evidence that Defendant was aware of the opinions of Dr. Vance, first disclosed by Plaintiff in response to Defendant's motion to strike, prior to the deadline for completing discovery."). In other words, the Court is not convinced that the mistake did not cause harm.

Moreover, the Court notes that even if harmlessness can generally involve an honest mistake, Plaintiff's reason for the delayed and insufficient disclosures seems unreasonable and unjustified since the Court entered the CMSO a year prior to the deadline. Doc. 9. The Court is not stating that bad faith exists, but at some point, the missed deadline seems less excusable when attention to the docket and management of the case during an entire year would have revealed the deadline and the need to proceed with not just the mis-calendared expert disclosure deadline, but the entire process of retaining the experts, providing the experts with whatever case materials or site inspections are necessary for providing an opinion, obtaining the expert reports, and reviewing and disclosing those expert reports—tasks that apparently did not happen until after the Motion to Strike was filed.

Additionally, the Court finds that the out-of-time, surprise disclosures are prejudicial to Defendant. Defendant's argument on this issue is as follows:

> As noted above, [Defendant] would be severely prejudiced if Plaintiff were allowed to proceed with Mark Buggica and Freddy Andrade as its expert witnesses in this matter as [Defendant] has timely and adequately complied with its expert disclosure requirements, in compliance with the Scheduling Order, and [Defendant] would be denied a meaningful opportunity to determine if Mark Buggica and Freddy Andrade's depositions are even necessary and, if so, [Defendant] would be prejudiced in its ability to take the deposition as the Expert Witness Disclosure does not even include the purported experts' written reports. Further, Scottsdale would be prejudiced if Plaintiff was permitted at this stage to amend its expert disclosure in an attempt to comply with Rule 26(a)(2) as it would be denied the opportunity to

conduct additional discovery within the deadlines prescribed by the Court and to determine whether it is appropriate or necessary to retain additional experts.

Doc. 33 at 9.

Even assuming the Amended Disclosure is substantively sufficient—and it is not—Plaintiff's lateness puts Defendant at a disadvantage because Defendant's deadline to disclose its expert reports expired, and it did so before Plaintiff's production of the Original and Amended Disclosures. The sequencing of those disclosures is intentional and was frustrated by Plaintiff's conduct. And further, discovery is closed.

So, Plaintiff's mistake is only harmless if the Court reopens discovery and extends other CMSO deadlines. As will be discussed, there is not a legally sufficient motion before the Court to extend any CMSO deadline. But even if there was, the extension would undoubtedly disrupt the trial, even though Plaintiff does not request a continuance of the trial date. The dispositive motions deadline is April 3, 2023 and each opposing party has 21 days to respond with an additional 14 days to file a reply. That timeline already puts the Court at just under four months to consider the motions before the September 5, 2023 trial term commences. As the CMSO explains:

> The Court cannot extend a dispositive motions deadline to the eve of trial. In light of the district court's heavy felony trial calendar, at least 4 months are required before trial to receive memoranda in opposition to a motion for summary judgment and to research and resolve the dispositive motion sufficiently in advance of trial.

Doc. 9 at 6. In the Motion to Extend Time (which the Court will address next), Plaintiff requests that the Discovery Deadline and the Dispositive Motions Deadline be extended to May 1, 2023. But even assuming the Motion to Extend Time is due to be granted—and it is not—doing that, without any extension of the trial term, would result in the Court having approximately three months to consider any dispositive motions. And that assumes no further extensions whatsoever.

The extension of the discovery and dispositive motions deadlines would, therefore, either disrupt the trial schedule or unduly constrict the time the Court has to consider dispositive motions. As such, the Court rejects Plaintiff's contention that the Court should deny Defendant's request because time remains for Defendant to prepare its case alleviating the prejudice. *See* Doc. 34 at 3. In sum, the Court finds that the failure to disclose is not substantially justified or harmless and the reports are due to be stricken.

The Court notes that Defendant initially requests that the Court preclude Plaintiff from calling Buggica and Andrade as its experts at trial. Doc. 33 at 1. Based on the foregoing, the Court agrees that this is an appropriate sanction. The Motion to Strike, however, later includes a more general request to "preclude Plaintiff from calling any expert at trial, on a motion, or at a hearing" and includes similar relief in the Reply. Docs. 33 at 10, 38 at 3. While the Court acknowledges that Defendant's analysis regarding timeliness ostensibly pertains to all experts, the discussion regarding sufficiency under Rule 26 and prejudice or harm to Defendant focuses on Buggica and Andrade. *See* Docs. 33, 38. The Court will limit the scope of relief to those individuals at this time since striking experts is a drastic sanction. Further, the undersigned makes no finding concerning whether Buggica and Andrade may testify pursuant to Federal Rule of Civil Procedure 26(b)(2)(C) or as fact witnesses concerning any matter.

### III.    Plaintiff's Motion to Extend Time

The Court's decision on the Motion to Strike is fatal to Plaintiff's request in the Motion to Extend Time. In the Motion to Extend Time, Plaintiff requests to extend the deadlines for discovery and dispositive motions. Doc. 31. The reason for the request is that Plaintiff mistakenly and inadvertently failed to timely comply with the Court's expert witness disclosure deadline. *Id.*

at 1.  Plaintiff states in the Motion—filed on February 5, 2023—that it anticipates that it will

produce full reports on or before February 13, 2023.  *Id*.  Plaintiff adds:

> Because the late disclosure was due to a mistake and inadvertence, additional
> discovery needs to occur due to a witnesses' failure to appear for a properly noticed
> deposition on two (2) separate occasions, and approximately (7) months remain
> before the trial period begins, this Court should find the late disclosure was
> harmless and grant DOVER SHORES' motion to extend the deadlines so this case
> can be decided upon the merits.

Doc. 31 at 2.  Plaintiff argues that the extension will provide Defendant with sufficient time to

review Plaintiff's expert reports, engage a rebuttal expert, and depose Plaintiff's experts without

affecting the current trial deadline.  *Id*. at 7.

Since the Court has stricken the late disclosures and rejected Plaintiff's argument in relation

to the Motion to Strike, the basis for the request is no longer valid.  As such, the Motion to Extend

Time is apparently moot or, at the very least, the argument to move the deadlines is inadequate.

Assuming, however, that the basis for the Motion to Extend Time goes beyond the deficient

disclosures, the request is due to be denied for another reason.  Rule 16(b)(4) provides that a case

management and scheduling order "may be modified only for good cause and with the judge's

consent."  "This good cause standard precludes modification unless the schedule cannot be met

despite the diligence of the party seeking the extension."  *See Sosa v. Airprint Sys., Inc.*, 133 F.3d

1417, 1418 (11th Cir. 1998) (per curiam) (internal quotation marks omitted).  The CMSO also

warns that an extension will not be extended absent a showing of good cause.  Doc. 9 at 6, citing

Rule 16(b).

Here, Plaintiff does not address Rule 16(b)(4) or good cause in the Motion to Extend Time.

*See* Doc. 31.  Instead, Plaintiff spends the entirety of the Motion to Extend Time explaining and

analyzing why the failure to comply with the expert report disclosure deadline was substantially

justified or harmless under Rule 37.  Doc. 31.  Without citation to or analysis of the relevant standard, Plaintiff's request for an extension is not sufficiently supported and is due to be denied.

**IV.    Conclusion**

1.  Plaintiff's Motion to Extend Time (Doc. 31) is **DENIED**; and

2.  Defendant's Motion to Strike (Doc. 33) is **GRANTED in part** to the extent that Buggica and Andrade's Original and Amended Disclosures are **STRICKEN** and Buggica and Andrade are precluded from testifying as experts at trial.  The remainder of the Motion to Strike is **DENIED**.

**ORDERED** in Orlando, Florida on March 8, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE