# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DOVER SHORES SHELL, INC.,**

      **Plaintiff,**

v.                                                                                      Case No: 6:22-cv-167-PGB-DCI

**SCOTTSDALE INSURANCE COMPANY,**

      **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | Plaintiff's Motion to Strike Defendant's Expert Witnesses for Defendant's Failure to Produce the Experts for Deposition (Doc. 43) |
| **MOTION:** | Plaintiff's Motion for Reconsideration of Order on Defendant's Motion to Strike Plaintiff's Expert Witness Disclosures and/or Motion for Rule 37 Sanctions, or in the Alternative, Motion to Continue Trial (Doc. 45). |
| **FILED;** | April 5, 2023 |

**THEREON** it is **ORDERED** that the motions are **DENIED**.

### I. Background

Plaintiff initiated this diversity action against Defendant for breach of contract. Doc. 1. By Order dated February 11, 2022, the Court entered a Case Management and Scheduling Order (CMSO) setting the following relevant deadlines: (1) Discovery—March 1, 2023; (2) Dispositive Motions—April 3, 2023; (3) Disclosure of Plaintiff's Expert Reports—January 3, 2023; and (4)

Disclosure of Defendant's Expert Reports—February 1, 2023. Doc. 9. By Order dated March 8, 2023, the Court granted in part Defendant's Motion to Strike Plaintiff's Expert Witness Disclosures and/or Motion for Rule 37 Sanctions. Doc. 39. Defendant has since moved for summary judgment, which request remains pending before the Court. Docs. 42, 50.

Plaintiff has filed a Motion to Strike Defendant's Expert Witnesses for Defendant's Failure to Produce the Experts for Deposition (Doc. 43, the Motion to Strike) and a Motion to Reconsider the Court's March 8, 2023 Order or, alternatively, Motion to Continue Trial. Doc. 45 (Motion to Reconsider). The Motions are ripe for review as the Defendant has filed Responses and Plaintiff has filed Replies to the Responses. Docs. 48, 49, 58, 59. Both Motions are due to be denied.

## II.  Motion to Strike

Plaintiff moves to strike Defendant's expert witnesses based on the assertion that Defendant "refused" to produce the experts for deposition. Doc. 43. Defendant's deadline to disclose experts was February 1, 2023, and discovery closed on March 1, 2023. Doc. 9. A document Plaintiff attaches to the Motion to Strike reflects that on February 15, 2023, Plaintiff's counsel emailed Defendant's counsel and stated: "We also need deposition dates for each of your experts." Doc. 43-1 at 2; *see also* Doc. 48-1 at 3.[1] Defendant's counsel responded: "I will work on getting dates from my experts. Only issue is the discovery cutoff is March 1st and the Court has not ruled on your Motion for Extension of Time." *See id.*[2]

---

[1] Defendant states in the Response that Plaintiff waited until February 16, 2023 to request the depositions. Doc. 48 at 2, 3. The email shows, however, that counsel purportedly sent the email on February 15, 2023. Doc. 48-1. Any discrepancy does not impact the Court's analysis.

[2] In the March 8, 2023 Order, the Court denied the Plaintiff's request for an extension of the discovery and dispositive motions deadline. Doc. 39.

The parties agree that Defendant's counsel did not subsequently provide dates. Docs. 43 at 2; 58 at 2; 48 at 4. Plaintiff deems Defendant's failure to do so as a refusal to cooperate in discovery. *See id*. Plaintiff further contends that Defendant's inaction is prejudicial because Defendant relied upon the experts' affidavits in support of its motion for summary judgment and Plaintiff cannot properly prosecute its case without the depositions. Docs. 43 at 2; Doc. 58 at 3.

While not entirely clear, it appears that Plaintiff seeks relief from the Court pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(iii). *See* Doc. 43 at 4.[3] Rule 37(b)(2) gives the court broad authority in sanctioning a party for failure to comply with a court order to provide discovery, including dismissing an action with prejudice. Fed. R. Civ. P. 37(b)(2)(A). The Court may also treat "as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A)(vii). In general, district courts have broad discretion to fashion appropriate sanctions for violations of discovery orders. *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

But Plaintiff makes no allegation of that Defendant violated a discovery order. Plaintiff does not cite to an applicable order related to expert witness depositions or otherwise argue that Defendant violated such an order. *See* Doc. 43. Based on a very liberal construction of the Motion to Strike, perhaps Plaintiff contends that Defendant somehow violated the CMSO by failing to provide the dates for deposition before the close of discovery, but Plaintiff provides no specific citation (or related analysis) concerning the language in the CMSO that Defendant could possibly have violated. *See* Doc. 43. Likewise, Plaintiff makes only conclusory statements in its Reply

---

[3] Plaintiff initially seeks relief "pursuant to the Federal Rules of Civil Procedure, and the Case management and Scheduling Order" but then provides a specific citation to Rule 37(2)(A)(ii) for the proposition that when a party fails to obey a discovery order a court may prohibit the disobedient party from introducing designated maters into evidence. Doc. 43 at 1, 4. The Court assumes that Plaintiff meant Rule 37(b)(2)(A)(ii).

that Rule 26 contemplates the cooperation of the parties in conducting discovery, including expert discovery. Doc. 58 at 2.

Plaintiff simply does not explain how it is entitled to relief pursuant to Rule 37(b)(2)(A)(ii). As such, the Motion to Strike is legally inadequate (and wholly inadequate under Local Rule 3.01(a)), and the Court is not convinced that sanctions are appropriate. *See Stepp's Towing Serv. v. State Nat'l Ins. Co.*, 2018 WL 3389952, at *4 n.3 (M.D. Fla. July 12, 2018) (noting that the plaintiff moved for sanctions under Rule 37(b)(2) "[b]ut that rule applies after a party fails to follow a court order compelling discovery") (citing Rule 37(b)(1)); *Kolbe v.* CNN, 2007 WL 9698050, at *2 (N.D. Ga. Jan. 24, 2007) ("Rule 37(b) plainly applies to a party's failure to comply with a court's order, and Plaintiff has cited no Order of this Court with which she contends Defendants failed to comply and the Court has located none"); In *re Skyway Communs. Holding Corp.*, 2011 Bankr. LEXIS 1174, at *14 (Bankr. M.D. Fla. Apr. 5, 2011) (finding that Rule 37 governs sanctions for a party's failure to cooperate in discovery and the plaintiff failed to show entitlement) (citing *In Re Connolly North America*, 376 B.R. 161, 192-93 (Bankr. E.D. Mich. 2007) (The Rule did not apply because no order to provide discovery was violated)).

Even if Plaintiff relied on an existing discovery order or Rule 37 otherwise applied, the there is no merit to Plaintiff's claim. The Court recognizes that Rule 37 governs failures to cooperate in discovery. *See United States v. $3,107.90 in United States Currency*, 2006 U.S. Dist. LEXIS 28169, at *3 (M.D. Ga. Apr. 12, 2006) ("Rule 37 [] authorizes the Court to impose sanctions for failure to cooperate"); *ADM Agri-Indus., Ltd. v. Harvey*, 200 F.R.D. 467 (M.D. Ala. May 9, 2001) (". . . Rule 37 authorizes a wide range of sanctions for a party's failure to make disclosures or cooperate in discovery. . . ."); *Seven Seas Cruises v. V Ships Leisure Sam*, 2011 WL 13220383, at *6 (S.D. Fla. Apr. 28, 2011) ("[Rule 37] addresses a party's failure to make

disclosures or to cooperate in discovery and sets forth sanctions that may be imposed by a Court."). Additionally, while Plaintiff does not cite to the Court's inherent authority, a federal district court possesses the authority to regulate the progress of actions before it. A court's inherent authority includes the power to sanction litigants for bad-faith litigation conduct. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764-65 (1980); *Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1447 (11th Cir. 1985); *Allapattah Servs., Inc. v. Exxon Corp.*, 372 F. Supp. 2d 1344, 1373 (S.D. Fla. 2005). Sanctions under the Court's inherent authority may include monetary penalties, adverse inferences, and the striking of claims or defenses. *See, e.g.*, *Swofford v. Eslinger*, 671 F. Supp. 2d 1274, 1280 (M.D. Fla. 2009); *Barash v. Kates*, 585 F. Supp. 2d 1368, 1371 (S.D. Fla. 2008); *Bernal v. All Am. Inv. Realty, Inc.*, 479 F. Supp. 2d 1291, 1338 (S.D. Fla. 2007). "Bad faith exists when the court finds that a fraud has been practiced upon it, . . . or where a party or attorney knowingly or recklessly raises a frivolous argument, delays or disrupts the litigation, or hampers the enforcement of a court order." *Allapattah Servs., Inc.*, 372 F. Supp. 2d at 1373.

Assuming *arguendo* that the Court may strike Defendant's expert witnesses for failure to cooperate in the discovery process even without the violation of a court order, Defendant's action or inaction does not warrant such drastic relief. Here, Plaintiff's counsel made one statement in an email that deposition dates were needed. While Defendant's counsel stated in response that counsel would "work on getting" the dates, Plaintiff's counsel did nothing to follow up. Even though discovery was on the verge of closing and the Court had not extended the deadline. By the time Plaintiff made the request, a small window for discovery remained. That Defendant's counsel's did not immediately give the dates with no additional discussion on the topic is not deemed a "refusal" and does not amount to a "failure to cooperate" in the discovery process.

Also, any prejudice that may have befallen Plaintiff is the result of its own doing. The parties were fully aware by virtue of the CMSO that only a narrow timeframe of one month existed between Defendant's deadline to disclose expert reports and the close of discovery. Yet, Plaintiff waited two weeks after the disclosure to send the email regarding the deposition dates and then did nothing when Defendant did not immediately provide dates. First, knowing that expert reports were coming and knowing that a deposition was in order, the parties could have discussed deposition dates prior to the disclosure of the reports. Second, Plaintiff could have—but did not— unilaterally notice the deposition. As stated in this District's Discovery Handbook, an attorney should normally pre-arrange a deposition with opposing counsel before serving the notice. Middle District of Florida Discovery Handbook (2021) at II (1). But: "If this is not possible, counsel may unilaterally notice the deposition while at the same time indicating a willingness to be reasonable about any necessary scheduling." *Id*. Plaintiff chose not to avail itself of this process. And Plaintiff waited until two weeks after Defendant filed its motion for summary judgment (and well after the close of discovery) to even file the Motion to Strike.

In sum, Plaintiff had ample time and opportunity to take the depositions at issue—whether by conferring and planning for the depositions prior to the exchange of the expert reports, by following up on the initial request for dates, by unilaterally noticing the depositions, or by seeking curt intervention prior to the close of discovery. Plaintiff did none of that. Plaintiff cannot now seek the extraordinary remedy of striking Defendant's experts in the face of such inaction.

Finally, the Court notes that Plaintiff cites to a case from the United States District Court for the Southern District of Florida for the proposition that a party's expert witness should be stricken if a party fails to provide deposition dates before the end of discovery. Doc. 43 at 3, citing *Eldridge v. Pet Supermarket, Inc.*, 2019 WL 3406926, at *1, 3 (S.D. Fla. July 25, 2019). Indeed,

according to *Eldridge*, "[i]t is certainly true. . . that a failure to provide deposition dates before the end of discovery can be grounds to exclude an expert at trial." 2019 WL 3406926, at *3 (citing *St. Louis Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, 2019 WL 2008665, at *2 (S.D. Fla. Mar. 11, 2019) (granting the plaintiff's motion to strike "[b]ecause [d]efendant could not provide a single date when Mr. Warner was available for a deposition before the expert discovery deadline")). These cases are inapposite.  The matter in *St. Louis Condo*. involved "a stunning inability of lawyers to confer and agree upon dates for depositions" and in *Eldridge*—the court denied the request to strike the witness—the defendant failed to timely disclose the expert report and violated the court's scheduling order.  None of this happened here.

### III.    Motion to Reconsider or Motion to Continue

Plaintiff's Motion to Reconsider is also without merit.  By Order dated March 8, 2023, the Court granted in part Defendant's Motion to Strike Plaintiff's Expert Witness Disclosures.  Doc. 39.  The Court found that Plaintiff's Original and Amended Disclosures were insufficient under Rule 26 as both were untimely and substantively inadequate. *Id*. at 4.  Plaintiff did not object to the Order pursuant to Federal Rule of Civil Procedure 72.  But Plaintiff now seeks reconsideration pursuant to Federal Rule of Civil Procedure 59.  Doc. 45.

Reconsideration is an extraordinary remedy and is only granted upon a showing of: (1) an intervening change in law; (2) the discovery of new evidence that was not available at the time the Court rendered its decision; or (3) the need to correct clear error or manifest injustice. *Fla. Coll. Of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).  The Court will not reconsider a prior decision without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Assn., Inc.*, No. 6:11-CV-1637-ORL-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting

*American Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). Motions for reconsideration may not be used "to raise arguments, which could and should have been made earlier." *Id.* (quoting *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990)). Plaintiff seeks reconsideration based on the Court's ruling that Plaintiff's Amended Expert Disclosures were inadequate. Doc. 45 at 2.

As an initial matter, Plaintiff cites to Rule 59(e)[4] as the basis for relief but that rule applies to altering or amending a judgment. Plaintiff requests that the Court reconsider an order. In any event, Plaintiff seeks reconsideration because of an alleged clear error. Doc. 45 at 6. In pertinent part, on February 4, 2023, Plaintiff served its "Rule 26(a)(2) Expert Witness disclosures" and identified Mark Buggica (Buggica) and Freddy M. Andrade, P.A. (Andrade) as expert witnesses. *Id.* at 2, citing to Doc. 31-1. (Original Disclosure). As discussed in the Court's March 8, 2023 Order, Plaintiff did not seem to dispute that the Original Disclosure was substantively insufficient under Rule 26 and admitted that it failed to calendar the deadline due to a mistake. Doc. 39 at 3-4. On February 14, 2023, Plaintiff served Defendant with the Amended Disclosure. *Id.* at 4.

In the Order, the Court agreed with Defendant that the Amended Disclosure was substantially insufficient as to Freddy M. Andrade P.A. (Andrade) as his report failed to include a testimony list pursuant to Rule 26(a)(2)(B). *Id.* at 4. Plaintiff contends in the Motion to Reconsider, however, that Andrade does not have a list of cases in which trial and deposition testimony have been provided and, since no list existed, the report was sufficient under Rule 26. Doc. 45 at 6. Plaintiff does not cite to authority in support of its position. But even if Plaintiff's position has some merit, the Court also found as follows:

---

[4] Plaintiff cites to Rule 59(f) but that appears to be a typo, as no such subsection exists. Doc. 45.

> Regardless, even if the combination of the Original and Amended Disclosures somehow satisfied the written report requirement of Rule 26(a)(2)(B), the disclosures are still insufficient as untimely.
> \*\*\*
> Even assuming the Amended Disclosure is substantively sufficient—and it is not—Plaintiff's lateness puts Defendant at a disadvantage because Defendant's deadline to disclose its expert reports expired, and it did so before Plaintiff's production of the Original and Amended Disclosures.

Doc. 39 at 5, 9. Indeed, the Court spent the majority of the Order discussing the untimely nature of the disclosures and the resulting prejudice as the basis for granting Defendant's request for relief. *Id*. at 3-10. So, as the Court stated in its Order, regardless of whether the Amended Disclosure was sufficient, the expert witness disclosures were due to be stricken and there was no clear error.

Alternatively, Plaintiff requests that the Court continue the trial currently set for September 5, 2023. Doc. 9. In essence, Plaintiff is seeking to have the Court reopen discovery to allow Plaintiff's counsel to depose Imperial Construction's (Imperial) corporate representative, Jamin Nayee (Nayee), and Defendant's expert witnesses. Rule 16(b)(4) provides that a case management and scheduling order "may be modified only for good cause and with the judge's consent." "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (internal quotation marks omitted). Here, the CMSO also warns that an extension will not be extended absent a showing of good cause. Doc. 9, citing Rule 16(b).

Plaintiff asserts that the parties attempted to depose Imperial's representative on two occasions, but the witness failed to appear. Doc. 45 at 3. Plaintiff contends that the "testimony is more crucial than ever" since Buggica will not testify concerning the value of the roof. Doc. 45 at 7. Plaintiff asserts that neither party was able to depose Imperial's representative before the close of discovery despite diligent efforts. *Id*. at 8. Plaintiff also states that Defendant attempted to

depose Nayee who is an employee at Vape It—the tenant of the property at issue. *Id*. at 3; Doc. 49 at 8. Plaintiff explains that "the deposition of Mr. Nayee was unable to be completed because Mr. Nayee does not speak English well, did not feel comfortable proceeding, and requested a translator to complete his deposition." Doc. 45 at 7. Plaintiff states that Nayee's deposition did not occur until the last day of discovery, so completing the deposition before the deadline was impossible. *Id*. Plaintiff concludes that if Imperial's representative and Nayee testify at trial, then both parties are at a disadvantage because neither will be able to adequately prepare. *Id*. at 8.

In addition, Plaintiff complains that it was not given an opportunity to depose Defendant's expert witnesses because Defendant's counsel did not provide the dates upon request. *Id*. at 4. This is the same reason Plaintiff offers in support of the Motion to Strike that the Court found *infra* is due to be denied. Plaintiff now requests that the Court continue the trial to allow it to depose the witnesses. *Id*. Plaintiff argues that it acted diligently in seeking to depose those witnesses, but Defendant's counsel thwarted Plaintiff's counsel's attempt by not giving the dates.

Plaintiff has already requested that the Court extend the discovery deadline so that it could take the deposition of Imperial's representative, and the Court denied that request. Docs. 31 at 8; 39. "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotation marks omitted). To the extent Plaintiff raises a new argument for an extension, the Court still does not find that good cause exists. With respect to Imperial's corporate representative, Defendant states in the Response that on September 14, 2022 and December 7, 2022, the depositions were scheduled to occur, and Defendant scheduled and issued the subpoenas for the depositions. Doc. 49 at 6-7. Defendant states that the deposition did not occur in September due to a clerical error and, therefore, it was

reset. *Id*. at 7. At the later-scheduled deposition, the corporate representative did not appear, and Defendant did not reset the deposition. *Id*. Defendant argues, and the Court agrees, that if Plaintiff needed to take the deposition, it had from December 8, 2022—if not earlier—to March 1, 2023 to notice the deposition on its own behalf. Plaintiff did not, and the Court fails to see diligence. As to Nayee's deposition, again, Defendant is the only party that noticed the deposition. Dc. 49 at 8. Defendant states that Vape It's corporate representative was also deposed and, based on that testimony, Defendant no longer needed to depose Nayee. *Id*. Plaintiff did not request that the Court extend discovery for a brief period to reset Nayee's deposition on its own behalf. Instead, Plaintiff waited over a month to file the instant motion. Plaintiff has not established good cause to continue the trial to allow for the deposition. As to both witnesses, Defendant chose to rely on Defendant to set the depositions, and when Defendant abandoned the depositions, Plaintiff took no action itself to secure the depositions, though ample time remained within the discovery period.

Finally, there was no diligence with respect to Defendant's expert witnesses. As stated *infra*, Plaintiff's counsel waited two weeks after the expert disclosures to make one request for deposition dates, and when Defendant's counsel did not respond, Plaintiff let the discovery period close. The Court is not persuaded that the schedule should be extended to allow Plaintiff to accomplish what it did not diligently pursue.

### IV. Conclusion

Accordingly, it is **ORDERED** that: Plaintiff's Motion to Strike (Doc. 43) is **DENIED**; and Plaintiff's Motion for Reconsideration or Motion to Continue (Doc. 45) is **DENIED**.

**ORDERED** in Orlando, Florida on June 14, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE